UNITED STATES DISTRICT COURT          C/M
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
ANTONIO ORTIZ,                                            :          **MEMORANDUM**
                                        Petitioner,       :          **DECISION AND ORDER**
                                                          :
                  - against -                             :          13 Civ. 5420 (BMC)
                                                          :
MARK D. BRADT, Superintendent of Attica                   :
Correctional Facility,                                    :
                                                          :
                                        Respondent.       :
--------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner *pro se*, seeking habeas corpus relief under 28 U.S.C. § 2254, challenges his

conviction and sentence for predatory sexual assault and related sexual and property crimes that

he committed when he broke into a house in Queens through a kitchen window.  His blood and

DNA were found at the scene near the point of illegal entry.  Petitioner was sentenced to twenty-

five years to life in prison on each count to run concurrently.

Additional facts will be set forth below as they relate to each of petitioner's points of

error.  All of his claims are either procedurally barred, without merit, or not subject to habeas

corpus review.  Accordingly, the petition is denied.

**I. *Sandoval* ruling**

In a pretrial order, the trial ruled that if petitioner chose to testify at trial, he could be

impeached with two prior convictions for burglary and one for robbery, including inquiry into

similarities between the acts committed in connection with those convictions and the charged

crime.  The Appellate Division rejected this claim on the merits.  People v. Ortiz, 95 A.D.3d

1140, 944 N.Y.S.2d 628 (2d Dep't), leave to appeal den., 19 N.Y.3d 999, 951 N.Y.S.2d 475

(2012).

Petitioner chose not to testify at trial.  Because of that, this claim is not subject to review

on federal habeas corpus.  "A Sandoval claim is only reviewable in a habeas corpus proceeding

when the petitioner testifies at trial and is cross-examined about his prior bad acts or

convictions."  Lopez v. Unger, No. 07 cv 4145, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30,

2010); see also Luce v. United States, 469 U.S. 38, 43, 105 S.Ct. 460 (1984) ("[T]o raise and

preserve for review the claim of improper impeachment with a prior conviction, a defendant

must testify."); Grace v. Artuz, 258 F.Supp.2d 162, 171-72 (E.D.N.Y. 2003) ("The reviewing

court must know the precise nature of the defendant's testimony, which is unknowable when the

defendant does not testify.").

The claim is therefore denied.

## II. Conviction for top count and lesser included offenses

Petitioner contends that he could not be convicted on all three charges of predatory sexual

assault, first degree criminal sexual assault, and first degree rape because the latter two charges

are lesser-included offenses of the former.  I do not need to decide whether this claim is subject

to federal habeas corpus review because on petitioner's direct appeal, the District Attorney

conceded this point and the Appellate Division vacated his conviction and sentence on the latter

two counts.  See Ortiz, 85 A.D.2d at 1141, 944 N.Y.S.2d at 629-30.  Since petitioner has already

received the relief he is seeking, his claim is denied as moot.

**III.** *Apprendi* **error**

Petitioner contends that sentencing him as a persistent violent felony offender under N.Y. Penal Law § 70.08 violates the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), because no jury found that he had been convicted of the predicate felonies.  The Appellate Division held that the claim was "unpreserved for appellate review," as petitioner had failed to raise it during sentencing, and that it was also "in any event … without merit."  Ortiz, 85 A.D.2d at 1141, 944 N.Y.S.2d at 629.  Because the Appellate Division held that the claim was both procedurally barred and without merit, this Court's review on habeas corpus is limited, in the first instance, to consideration of the procedural bar.  See Velasquez v. Leonardo, 898 F.2d 7 (2d Cir. 1990).

A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment."  Lee v. Kemna, 534 U.S. 362, 375, 122 S.Ct. 877, 885 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991)).  When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729–30, 111 S. Ct at 2554; Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007).  State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state.  Lee, 534 U.S. at 376, 122 S.Ct. at 885 (quoting James v. Kentucky, 466 U.S. 341, 348, 104 S.Ct. 1830, 1835, 80 L.Ed.2d 346 (1984)).  If a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim,

even if the state court addressed the merits of the claim in the alternative.  See Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 n. 10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir.1990).

It is well settled that New York's contemporaneous objection rule, codified at N.Y.Crim. Proc. Law § 470.05(2), is an independent and adequate state law ground that ordinarily precludes federal habeas corpus review.  See, e.g., Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011).  Here, because petitioner's trial counsel failed to raise his Apprendi point at sentencing, and indeed petitioner  stipulated to the predicate crimes, the Appellate Division properly invoked a state procedural bar.

Since the Appellate Division properly relied on a procedural bar, petitioner would have to show that grounds exist for reaching the merits notwithstanding that procedural bar.  Procedural default on state law grounds may be overcome by a petitioner who either demonstrates "'cause' for the default and 'prejudice attributable thereto,' or ... that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.' "  Harris, 489 U.S. at 262, 109 S.Ct. at 1043 (internal citation omitted).  Petitioner has offered nothing to show cause and prejudice or a fundamental miscarriage of justice.  Indeed, he cannot show prejudice or a fundamental miscarriage of justice because every court that has addressed the issue has upheld the constitutionality of judicial fact finding of prior convictions under N.Y. Penal Law § 70.08 against an Apprendi challenge.  See Hernandez v. Williams, No. 10 cv 3073, 2013 WL 5405472, *7-8 (S.D.N.Y. Sept. 26, 2013) (collecting cases).  His point of error is therefore rejected.

**IV. Points Raised in Supplemental Brief**

Petitioner filed a *pro se* supplemental brief on direct appeal raising a number of points, mostly in one or two sentences each.  In his habeas corpus petition here, he complains that the Appellate Division failed to rule on those points.  He is incorrect. The Appellate Division stated that "[t]he defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, are without merit."  <u>Ortiz</u>, 85 A.D.2d at 1141, 944 N.Y.S.2d at 630.  This is deemed to be a ruling that his claims are procedurally barred. <u>See</u> <u>Velasquez v. Leonardo</u>.  The points that petitioner raised in the Appellate Division are as follows:

**A.**  Petitioner's victim testified that he had a knife when he raped her but that it left it in her room after the crime and she gave it to the police.  The knife was admitted into evidence.  No objection to the testimony or exhibit was made at trial.  In his *pro se* supplemental brief on direct appeal, petitioner complained that it was improper to admit the knife and/or the testimony because he had not been indicted on a weapons charge; he thus called the knife evidence of an "uncharged crime."

Since no objection was made at trial, the Appellate Division properly held that it was unpreserved.  In the instant proceeding, petitioner cannot show prejudice or manifest injustice to overcome the procedural bar because (a) the knife was part of the *res gestae*, not an uncharged crime; (b) two of the counts on which petitioner was tried, predatory sexual assault and burglary (N.Y. Penal L. §§130.95(1), 140.30(3)), require the use or threat of a dangerous instrument; and (c) the lesser included offenses require proof of "forcible compulsion" (N.Y. Penal L. §§ 130.50(1), 130.35(1)), so the knife was admissible as to those counts as well.

**B**.  At trial, the phlebotomist who swabbed petitioner's mouth to get a DNA sample and drew a blood sample to compare to the blood at the crime scene testified as to what he had done. In the course of that testimony, the witness testified that he had compared the samples with the "inmate DNA data bank," and it was disclosed that petitioner had a number in that data bank. His attorney objected and moved for a mistrial on the ground that this reference obliquely suggested to the jury that petitioner was incarcerated on some other crime (which he was, but that was not admissible).  The trial court denied the motion, struck the reference to the word "inmate" from the record, and asked defense counsel if he wanted the court to give the jury a limiting instruction.  Counsel declined, stating his concern that this would highlight what at that point was merely a fleeting reference.

In his *pro se* supplemental brief, petitioner's objection to the phlebotomist's testimony was unclear.  The Appellate Division apparently read it as either objecting to the phlebotomist's testimony *in toto*, for some reason unstated by petitioner, or complaining that the trial court had failed to give a cautionary instruction.  This latter interpretation seems justified, as petitioner never argued in his *pro se* supplemental brief that the trial court should have declared a mistrial, and instead ended his argument point by asserting:  "The lower court never gave the Jury limiting instructions."

Under this interpretation of petitioner's argument, the Appellate Division's rejection of it because it was unpreserved is obviously proper.  Defense counsel had rejected the trial court's invitation for a limiting instruction on strategic grounds.  Those grounds also preclude a finding of cause in the present habeas corpus case that would excuse the procedural default, as trial

counsel articulated a specific, rational explanation of why he did not want a limiting instruction.[1] Accordingly, I reject petitioner's argument as procedurally barred.

**C**. The remaining two points in petitioner's *pro se* supplemental brief consisted of one sentence each in the "Conclusion" section of his brief.

1. First, petitioner contends that his sentence "was harsh and excessive." This is not reviewable on federal habeas corpus because petitioner was sentenced within the statutory range under state law. "No federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Moreover, there is nothing that offends due process in a 25-year to life sentence for a rapist who enters a house at night and is a persistent violent felony offender.

2. Petitioner contended in his *pro se* supplemental brief in one sentence that "The People did not prove there [sic] case beyond a reasonable doubt". I have some doubt as to the correctness of the Appellate Division's classification of petitioner's claim as unpreserved. His attorney did make a specific motion to dismiss at trial that referenced various inadequacies in the prosecution's case, although it was more of a jury argument on the facts than a legal insufficiency argument. But it was more than the usual general motion that conclusorily uses the word "insufficiency" which the state courts hold is inadequate to preserve a legal insufficiency

---

[1] Even if petitioner had raised the failure to declare a mistrial in his *pro se* supplemental brief, the Appellate Division still appropriately invoked a procedural bar. The record shows that counsel was satisfied with having the remark stricken from the record.

Moreover, even if an objection to the ruling on the motion for a mistrial had been preserved, so that the Appellate Division's was in error, it held alternatively that petitioner's point was without merit. I would have to review this ruling under the doubly-deferential standard of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), as described infra, and the applicable Supreme Court precedent, such as Estelle v. McGuire, 502 U.S. 62, 67 (1991). For a habeas petitioner to prevail in connection with a claim regarding an evidentiary error, the petitioner must "show that the error deprived [him] of a fundamentally fair trial." Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004) (per curiam) (quoting Rosario v. Kuhlman, 839 F.2d 918, 925 (2d Cir. 1988)). The brief reference to petitioner's inclusion in the data base comes nowhere near to meeting this standard.

challenge.  In fact, the District Attorney had argued on appeal that not that the claim had was

unpreserved from trial, but that it was unpreserved because petitioner made such a perfunctory

reference to the point in his *pro se* supplemental brief.  It may have been that failure upon which

the Appellate Division relied.

Even if I hold that the Appellate Division's reliance on the claim being unpreserved was

exorbitant, however, I am faced with the Appellate Division's alternative holding that the claim

is without merit.  This attracts the provisions of the Antiterrorism and Effective Death Penalty

Act ("AEDPA"), 28 U.S.C. § 2254(d).  That statute provides for habeas corpus relief only if the

state court's adjudication of the claim was (1) "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States;" or (2) "based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  Id.  The decision of a state court is "contrary

to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically

different" from, "opposite in character or nature" to, or "mutually opposed" to the relevant

Supreme Court precedent.  Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000)

(internal quotation marks omitted).  Moreover, a state court decision involves "an unreasonable

application" of clearly established Federal law if the state court applies federal law to the facts of

the case "in an objectively unreasonable manner."  Brown v. Payton, 544 U.S. 133, 141, 125 S.

Ct. 1432, 1439 (2005).

The Supreme Court has clarified that the AEDPA standard of review is extremely

narrow, and is intended only as "a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal[.]"  Ryan v.

Gonzales, __ U.S. __ , 133 S. Ct. 696, 708 (2013) (quoting Harrington v. Richter, __ U.S. __,

131 S. Ct. 770, 786).  State court decisions must "be given the benefit of the doubt," Felkner v.

Jackson, __ U.S. __ , 131 S. Ct. 1305, 1307 (2011) (quoting Renico v. Lett, 559 U.S. 766, 767 ,

130 S. Ct. 1855, 1862 (2010)), and "even a strong case for relief does not mean that the state

court's contrary conclusion was unreasonable."  Harrington, 131 S. Ct. at 786.  Indeed, in

Harrington, the Supreme Court went so far as to hold that a habeas court may only "issue the

writ in cases where there is no possibility fairminded jurists could disagree that the state court's

decision conflicts with [the Supreme Court's] precedents."  Id.  This standard of "no possibility"

of disagreement among "fairminded jurists" as to the existence of legal error is arguably the

narrowest standard of judicial review in the law.  Moreover, the Supreme Court has expressed a

lack of patience with lower courts that view its pronouncements as permitting a substantial

measure of flexibility in applying this standard.  See Parker v. Matthews, __ U.S. __ , 132 S. Ct.

2148 (2012).[2]

   In reviewing the sufficiency of the evidence to support a conviction, the inquiry is

"whether, after viewing the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788-89 (1979).  Thus, even when

"faced with a record of historical facts that supports conflicting inferences, [the habeas court]

must presume – even if it does not affirmatively appear in the record – that the trier of fact

resolved any such conflicts in favor of the prosecution, and must defer to that resolution."  Wheel

---

[2] Harrington and Cavazos v. Smith, __ U.S. __ , 132 S. Ct. 2 (2011), may have abrogated the oft-quoted language in
Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000), that while "[s]ome increment of incorrectness beyond error is
required . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions 'so far
off the mark as to suggest judicial incompetence.'"  The Harrington/Cavazos standard may not quite require
"judicial incompetence," id., but by precluding relief except where the error is "beyond any possibility for
fairminded disagreement," 131 S. Ct. 787, it certainly comes close.  The Second Circuit has noted that these
Supreme Court decisions have narrowed the standard of habeas review that the Circuit previously applied.  See
Rivera v. Cuomo, 664 F.3d 20, 21-22 (2d Cir. 2011) (reversing its earlier decision granting habeas relief upon
consideration of Cavazos).

v. Robinson, 34 F.3d 60, 66 (2d Cir. 1994).  Relief on a sufficiency claim cannot be granted unless the record is "so totally devoid of evidentiary support that a due process issue is raised." Bossett v. Walker, 41 F.3d 825, 830 (2d Cir. 1994).

Petitioner comes nowhere near that standard here. There was sufficient evidence to find that a rape occurred since the victim testified to it in detail.  His DNA-matched blood was found on the scene near the point of illegal entry and with no explanation of how else it would get there. The Appellate Division did not misapply Jackson v. Virginia in holding that the jury was not irrational in convicting petitioner as the rapist.

**V.  Unexhausted Claims**

In this habeas corpus proceeding, petitioner raises two additional claims that appear nowhere in the state court proceedings.

**A. Confrontation Clause Claim**

First, petitioner complains that the expert who testified that his blood matched the DNA taken from the scene did not perform the laboratory test resulting in the report that confirmed that result. (The lab technician who made the comparison was on maternity leave; her supervisor testified.)  Petitioner therefore contends that his right to confront the witness who actually performed the test was violated.  At trial, his attorney raised no objection to either the testimony or the exhibit containing the DNA results.

It is axiomatic that claims cannot be presented in a federal habeas corpus petition unless a petitioner has given the state court the opportunity to rule on those claims.  Section 2254(b)(1)(A) of Title 28 states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

that … the applicant has exhausted the remedies available in the courts of the State ....”  28

U.S.C. § 2254(b)(1)(A).  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728,

1731 (1999); Rose v. Lundy, 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201 (1982) (“The

exhaustion doctrine existed long before its codification by Congress in 1948”); Daye v. Attorney

Gen., 696 F.2d 186, 190–94 (2d Cir. 1982) (en banc).  Petitioner never gave the trial court or the

Appellate Division to opportunity to pass upon the claim that he is attempting to raise here.  The

claim appears wholly unexhausted.

    The failure to exhaust this claim does not mean that petitioner should be permitted to

return to state court and do so, as that would be a futile gesture – petitioner's opportunity to raise

this claim with the state courts has passed.  Any challenge to the sufficiency of the evidence

would have to have been raised on direct appeal, and cannot be raised in state court now.  See

Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (“Petitioner was entitled to one (and only one)

appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals

....”). When a claim is in that posture, it is deemed exhausted but procedurally barred and cannot

be heard on federal habeas corpus review.  See Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)

(quoting Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255,

263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989))).  See also Castille v. Peoples, 489

U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (“It would be inconsistent with [§

2254(b) ], as well as with underlying principles of comity, to mandate recourse to state collateral

review whose results have effectively been predetermined ....”); St. Helen v. Senkowski, 374

F.3d 181, 183 (2d Cir. 2004) (“[E]ven if a federal claim has not been presented to the highest

state court or preserved in lower state courts under state law, it will be deemed exhausted if it has

become procedurally barred under state law.”); DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d

Cir. 2004) (petitioner's procedurally defaulted claims deemed exhausted where he could no longer obtain state-court review because of his procedural default); McKethan v. Mantello, 292 F.3d 119, 122-23 (2d Cir. 2002) (claims deemed exhausted where they were "procedurally barred for not having been raised in a timely fashion"); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994) ("[I]f the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted."). The claim is therefore not cognizable on federal habeas corpus review.

### B. Fourth Amendment claim

Petitioner's final point is that the court order obtained by the prosecutor to extract an oral sample of his blood for DNA comparison purposes violated his Fourth Amendment right to be free of unreasonable searches and seizures. His main argument is that the extraction did not occur within the time limit permitted by New York law. This is a state statutory claim that is not cognizable on federal habeas corpus. See Sepulveda v. New York, No. 08 cv 5284, 2012 WL 7807311 (S.D.N.Y. May 24, 2012).

To the extent petitioner has a Fourth Amendment claim, as opposed to a New York statutory claim, for an unreasonable search and seizure, it is deemed exhausted and procedurally barred for the same reasons as his Confrontation Clause Claim. In addition to being procedurally barred, federal habeas corpus review of petitioner's Fourth Amendment claim is subject to the rule of Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037 (1976). There, the Supreme Court held that federal habeas corpus review is unavailable for Fourth Amendment claims where the petitioner has had the opportunity to fully litigate the claim in state court: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial." Id. at 494, 96 S. Ct. at 3052.  The Supreme Court reasoned that, in the habeas context, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." Id. at 494-95, 96 S. Ct. at 3052-53.

Based upon Stone, the Second Circuit has held that habeas review of decisions implicating the exclusionary rule is limited to situations in which "the state provides no corrective procedures at all to redress Fourth Amendment violations," or where there is a corrective procedure "but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process." Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc).  Courts have repeatedly recognized that New York provides an adequate corrective procedure for Fourth Amendment claims.  See, e.g., Capellan v. Riley, 975 F.2d 67 (2d Cir. 1992); Guzman v. Greene, 425 F. Supp. 2d 298 (E.D.N.Y. 2006); Crispino v. Allard, 378 F. Supp. 2d 393 (S.D.N.Y. 2005).  For this reason, courts within this Circuit have almost uniformly held that challenges to a state court's independent source determinations are not reviewable under Stone v. Powell.  See e.g., Philbert v. Brown, No. 11-cv-1805, 2012 WL 4849011 (E.D.N.Y. Oct. 11, 2012); Garcia-Lopez v. Fischer, No. 05 Civ. 10340, 2007 WL 1459253 (S.D.N.Y. May 17, 2007); Crispino, 378 F. Supp. 2d 393.[3]

---

[3] In Young v. Conway, 698 F.3d 69 (2d Cir. 2012), rehearing en banc den., 715 F.3d 79 (2d Cir. 2013), the Second Circuit exercised its discretion to decline application of Stone v. Powell and undertook a review of the merits of an independent source determination where the State had failed to raise Stone v. Powell in the district court.  The Circuit held that Stone v. Powell is a prudential and equitable, not jurisdictional, doctrine that can therefore be waived.  However, in support of its holding of the non-jurisdictional nature of Stone v. Powell, the Circuit cited Davis v. Blackburn, 803 F.2d 1371 (5th Cir. 1986) (per curiam).  See Young, 698 F.3d at 86 n.10.  Davis, like all other cases that have considered the issue, also held that a federal court, in the exercise of discretion, may raise Stone v. Powell sua sponte.  See, e.g., United States. v. Ishmael, 343 F.3d 741 (5th Cir. 2003); Herrera v. Lemaster, 225 F.3d 1176 (10th Cir. 2000); Tart v. Massachusetts, 949 F.2d 490 (1st Cir. 1991); cf. Woolery v. Arave, 8 F.3d 1325, 1326-27 (9th Cir. 1993) (contrary to Young v. Conway, holding that district court must raise Stone v. Powell sua sponte if the State does not).  Because I have identified the Stone v. Powell issue sua sponte as a matter of discretion prior to any submission by respondent, there is no issue of waiver.

13

In addition, petitioner asserts that "had attorney (raised) tardiness good cause would be established" [sic].  I will liberally construe that as an unexhausted ineffective assistance of counsel claim.  However, it is also deemed exhausted and procedurally barred because his attorney's failure to object to or move to suppress the sampling is apparent on the record.  The proper procedure under New York law was for petitioner to raise his Fourth Amendment or statutory claim on direct appeal and to assert that although the objection was not preserved, he had cause because of his ineffective assistance of counsel.  Petitioner cannot seek collateral review of this claim in state court because his counsel's failure to challenge the seizure is apparent on the record, and all of the facts supporting that claim were also part of the appellate record on direct appeal.  See N.Y.Crim. Proc. Law § 440.10(2)(c) (barring collateral review if sufficient facts appeared on the record to have permitted the claim to be raised on direct review but defendant unjustifiably failed to raise it).

## CONCLUSION

The petition is denied.  As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  Additionally, any appeal from this order would not be taken in good faith, and therefore *in forma*

*pauperis* status is denied for the purpose of an appeal. <u>See</u> 28 U.S.C. § 1915(a) (3); <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).[4]

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____

U.S.D.J.

Dated: Brooklyn, New York
       October 24, 2013

---

[4] Petitioner had moved for the appointment of counsel.  I have considered the factors set forth in <u>Hodge v. Police Officers,</u> 802 F.2d 58 (2d Cir. 1986), and find for the reasons stated in this decision that petitioner's claims are not of sufficient substance to warrant the expenditure of pro bono resources.  His motion is therefore denied.